KELLY, Circuit Judge, concurring in part and dissenting in part. I agree- with the court’s conclusion that—under Harley and McCullough—the plaintiffs lack authorization to sue under 29 U.S.C. § 1132(a)(2). However, I respectfully dissent from the court’s holding that the plaintiffs lack authority to bring their claims for injunctive relief under 29 U.S.C. § 1132(a)(3). As relevant, § 1132(a)(3) authorizes civil actions “by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of [29 U.S.C. §§ 1104-1106], or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce [§§ 1104-1106].” In light of this unambiguous statutory text and in the absence of any dispute that the plaintiffs are participants in and beneficiaries of the Plan, I believe that the plaintiffs’ complaint—which seeks to enjoin the defendants from breaching their fiduciary duties under §§ 1104-1106 in relation to their management of the Plan—falls within “the zone of interests to be protected or regulated” by ERISA. See Harley, 284 F.3d at 907 (quoting Valley Forge, 454 U.S. at 475, 102 S.Ct. 752). I also believe that—accepting as true all factual allegations in the plaintiffs’ complaint and drawing all reasonable inferences in their favor, as we must—the plaintiffs have shown an actual or imminent injury. Cf. Soehnlen, 844 F.3d at 585 (concluding plaintiffs who made “no showing of actual or imminent injury to the Plan itself’ lacked standing). More specifically, the plaintiffs allege that the defendants invested the entirety of the Plan’s assets in high-risk/high-reward equities, in violation of their fiduciary duties under §§ 1104-1106, and that as a result, the Plan suffered a loss of $1.1 billion, causing the Plan to fall from being significantly overfunded in 2007 to being 84 percent underfunded in 2008. See Harley, 284 F.3d at 905 (recognizing that investment losses were cognizable losses to the ERISA plan because they reduced the pool of plan assets). The relief sought is not monetary, but injunctive, and the injury alleged is not speculative. Moreover, the complaint alleges that at least some of the defendants continue to serve as Plan fiduciaries and remain positioned to resume their alleged ERISA violations. Cf. Soehnlen, 844 F.3d at 585 (finding risk of a potential enforcement action too speculative to satisfy requirement of actual or imminent injury “in the absence of any evidence that penalties had been levied, paid, or even contemplated”). Finally, I do not believe that Harley or McCullough controls our decision in this case as to whether plaintiffs have authority under § 1132(a)(3) to sue for injunctive relief. See McCullough, 585 F.3d at 1087 (applying Harley as controlling circuit precedent on the plaintiffs claim for in-junctive relief under § 1132(a)(2), and specifically noting that the plaintiff had not relied on § 1132(a)(3)). For these reasons, I believe that the plaintiffs are authorized to sue for injunc-tive relief under § 1132(a)(3). I would therefore affirm the district court’s dismissal of the plaintiffs’ claims under § 1132(a)(2), reverse the dismissal of their claims for injunctive relief under § 1132(a)(3), and remand this matter to the district court for further proceedings, including reconsideration of the issue of attorney’s fees and costs upon .final resolution of the case.